1
2
3
4
5
6
7                   **UNITED STATES DISTRICT COURT**
8                      **DISTRICT OF NEVADA**
9

10   AMALIA VILORIA, *et al.*,

11          Plaintiffs,                    Case No. 2:12-CV-00406-KJD-PAL

12   v.                                    **ORDER**

13   PREMIUM CAPITAL FUNDING LLC, *et al.*,

14

15          Defendants.

16
17          Presently before the Court is Defendant JPMorgan Chase Bank, N.A.'s Motion to Quash

18   Service of Process and to Dismiss (#7).  Also before the Court is Defendant Commonwealth Land

19   Title Insurance Company's Motion to Dismiss (#8). Giving Plaintiffs three days for mailing,

20   opposition to the motions was due no later than September 8, 2012.  However, Plaintiffs failed to file

21   any responses in opposition to the motions.  Finally before the Court are Defendants Ocwen Loans

22   Servicing, LLC's and the Bank of New York Mellon's Motion to Dismiss Plaintiffs' Complaint

23   (#11) and Motion to Strike Punitive Damages (#15).  Giving Plaintiffs the required time for mailing,

24   responses in opposition to the motions were due no later than September 17, 2012.   On September

25   18, 2012, Plaintiffs filed a one-sentence motion to amend their complaint (#17).

26

I. Background and Procedural History

In 2005, Plaintiffs Amalia and Stephen Viloria purchased property located at 1623 Graystone Canyon Avenue, Las Vegas, Nevada 89123 ("the Property").   In connection with the purchase, Plaintiffs executed a Note for approximately $144,000.00 secured by a Deed of Trust.  The lender was identified as Premium Capital Funding LLC.   Land America Commonwealth was named Trustee under the Deed of Trust.  Mortgage Electronic Registration Systems, Inc. ("MERS") was named beneficiary as nominee for lender.

On or about September 1, 2008, Plaintiffs defaulted under the terms of the Note and Deed of Trust.  On January 22, 2009, LSI Title Company, acting as agent for National Default Servicing Corporation who was acting as agent for Litton Loan Servicing, filed Notice of Default and Election to Sell as to the Property.  On February 19, 2009, MERS, acting as nominee for Premium Capital Funding LLC, assigned and transferred the beneficial interest under the Deed of Trust and the Note to The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2006-B ("BONY").  On April 22, 2009, National Default Servicing Corporation, acting as trustee, filed Notice of Trustee's Sale setting the sale for May 14, 2009. Plaintiffs filed the present complaint on March 12, 2012.

On July 11, 2012, the Court noted that Plaintiffs had never filed proof of service of the summons and complaint and ordered Plaintiffs to show no later than July 30, 2012, that they had timely served the summons and complaint on Defendants.  Instead of providing the Court with proof of timely service and without seeking an extension of time, Plaintiffs waited until the deadline to have the only summons that had been issued by the Clerk's office in this action, which was to Defendant Premium Capital Funding LLC only, copied and mailed via certified mail to each Defendant along with a copy of the complaint.

On August 3, 2012, Plaintiffs then filed their Summons Returned Executed (#6) as to each Defendant.  Between August 20, 2012 and August 27, 2012, the present motions to dismiss were

1   filed.  On September 18, 2012, Plaintiffs filed their motion to amend the complaint, but failed to file

2   a proposed amended complaint in accordance with Local Rule 15-1.

3   II.  Motion to Quash Service and Dismiss

4          First, Defendant JPMorgan Chase Bank, N.A. ("Chase") correctly contends that service was

5   untimely.  The Court had neither granted Plaintiffs an extension of time to serve the summons and

6   complaint, nor had Plaintiffs requested an extension.  Therefore, even if service by certified mail was

7   adequate, it was untimely.  However, service was deficient in other respects also.  Plaintiffs' attempts

8   at service by certified mail did not satisfy Federal Rule of Civil Procedure 4(h), which covers service

9   attempts on corporations, partnerships and unincorporated associations.  Finally, Plaintiffs' use of the

10  summons addressed to Premium Capital Funding LLC to serve Chase or any other Defendant was

11  insufficient, because Rule 4(a)(1)(B) requires that a summons "be directed to the defendant," and

12  Rule 4(b) requires that a separate summons be issued for every defendant to be served.  Here it is

13  clear that Plaintiffs failed to abide by the rules because the docket clearly shows that the only

14  summons issued by the Clerk of the Court was the summons directed to Premium Funding LLC.

15  While the Court is generally very liberal in granting extensions, Plaintiffs have neither sought an

16  extension, nor even replied to the motion to quash.  Therefore, Defendant Chase's motion to dismiss

17  is granted.

18         Furthermore, the Court ordered (#5) Plaintiffs to show that they had timely served the

19  summons and complaint to each Defendant, but Plaintiffs have failed to do so.  Instead, Plaintiffs

20  have demonstrated that they attempted untimely and defective service on each Defendant.  In the end,

21  the only opposition Plaintiffs have made to the pending motions to dismiss is an untimely motion to

22  amend the complaint that did not comply with the local rules and did not describe how amendment

23  would cure any deficiencies described in the motions to dismiss.  It is clear that Plaintiffs are merely

24  intent on lengthening the amount of time in which they can continue to reside in the home which they

25  acquired with a Note in the amount of $440,000.00, but have failed to make payments on for over

26

1  four years.  Therefore, the Court dismisses the complaint against the Defendants in accordance with
2  Rule 4.

3  III.  Pending Motions to Dismiss and the Motion to Amend the Complaint

4          The pending motions to dismiss filed by Commonwealth Land Title Insurance Company,
5  Ocwen Loan Servicing, LLC, and BONY are granted with prejudice.  Plaintiffs failed to file any
6  timely points and authorities in opposition to the motions thereby consenting to the dismissals.  See
7  Local Rule 7-2(d).  To the extent that Plaintiffs' one-sentence motion to amend the complaint
8  constitutes a response, it is denied, because it fails to comply with Local Rule 15-1 which requires
9  the proposed amended complaint to be attached to the motion.  Furthermore, the Court would deny
10 the motion to amend on the merits, because the motion does not address how amendment would cure
11 any of the meritorious arguments made in Defendants' motions to dismiss.

12         Finally, the Court grants the motions on the merits.  Plaintiffs lack standing to challenge the
13 assignments of the Note and Deed of Trust and lacks standing to enforce or assert claims arising
14 under the trust purchase agreement or Pooling and Servicing Agreement ("PSA") surrounding the
15 "securitization" of the Note.  See, e.g., Bridge v. Aames Cap. Corp., 2010 WL 3834059, at *3, 5
16 (N.D. Ohio Sept. 29, 2010)("Courts have routinely found that debtor may not challenge an
17 assignment between an assignor and assignee"); see also, Byczek v. Boelter Cos., Inc., 230 F.
18 Supp.2d 843, 845 (N.D. Ill. 2002)(third party lacks standing to challenge validity of assignment); Liu
19 v. T&H Mack, Inc., 191 F.3d 790, 797 (7th Cir. 1999); Lindsay v. Vamerica's Wholesale Lender,
20 2012 WL 83475, *304 (C.D. Cal. Jan. 10, 2012)(plaintiffs lack standing to raise breach of
21 investment trust agreement); Graham v. Recontrust Co. N.A., 2012 WL 1035712, *4 (D. Ore. March
22 27, 2012)(borrower does not have standing to assert violation of PSA to which she is not a party).

23         Plaintiffs' claim to quiet title must also be dismissed.  In Nevada, a quiet title action may be
24 brought "by any person against another who claims an…interest in real property, adverse to the
25 person bringing the action, for the purpose of determining such adverse claim." N.R.S. § 40.010. In a
26 claim for quiet title "the burden of proof rests with the plaintiff to prove a good title in himself."

1   Velazquez v. Mortgage Electronic Registration Systems, Inc., No. 2:11–CV–576, slip op., 2011 WL

2   1599595, at *2 (D. Nev. Apr. 27, 2011) (quoting Breliant v. Preferred Equities Corp., 918 P.2d 314,

3   318 (Nev.1996)).  Additionally, an action to quiet title requires a plaintiff to allege that he has paid

4   any debt owed on the property.  See Ferguson v. Avelo Mortgage, LLC. No. B223447, 2011 WL

5   2139143, at *2 (Cal. App. 2d June 1, 2011).  Essentially, "he who seeks equity must do equity."

6   McQuiddy v. Ware, 87 U.S. 14 (1873).

7          Although courts have power to vacate a foreclosure sale where there has been fraud, such as

8   sham bidding and the restriction of competition, or inadequacy of price coupled with other

9   circumstances of fraud in the procurement of the foreclosure decree, or where the sale has been

10   improperly, unfairly or unlawfully conducted, "an action to set aside a trustee's sale for irregularities

11   in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for

12   which the property was security." Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 575, 578 (Cal. Ct.

13   App. 1984). See also FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021

14   (Cal. Ct. App. 1989) ("[t]he rationale behind the rule is that if plaintiffs could not have redeemed the

15   property had the sale procedures been proper, any irregularities in the sale did not result in damages

16   to the plaintiffs").  Plaintiffs have failed to allege whether they were in the position to cure the

17   default at the time the Notice of Default and Trustee's Sale was sent.  Furthermore, they did not

18   respond in opposition to the motion to dismiss that they could in fact cure any default.  Therefore,

19   this claim is dismissed.

20          Plaintiffs' claim for slander of title requires (1) a false and malicious publication or

21   communication; (2) disparaging one's title in land; (3) causation; and (4) special damages.  See

22   Higgins v. Higgins, 744 P.2d 530 (Nev. 1987).  Malice requires that a defendant "knew that the

23   statement was false or acted in reckless disregard of its truth or falsity.  Where a defendant has

24   reasonable grounds for belief in his claim, he has not acted with malice." Rowland v. Lepire, 662

25   P.2d 1332 (Nev. 1983).  Recording notices of default and notices of trustee's sale are not false and

26   malicious communications.  See Roth v. Integrity 1st Financial, LLC, 2011 WL 4346382, *4 (D. Nev.

Sept. 14, 2011)(without allegation that plaintiffs were not in default, notice of default is not defamatory). Thus, Plaintiffs' claim for slander of title must be dismissed, because the notices were not false and defamatory.

Even if the inadequately pled claims for fraud could be cured by amendment, which Plaintiffs have not claimed that they could be, any amendment would be futile, because the claims are subject to and barred by a three-year statute of limitations. See Nev. Rev. Stat. § 11.190(3)(d). The fraudulent concealment and inducement claim arose during the origination, disclosure, securitization and transfer of the loan obtained in 2005. The recorded assignments of the loans to Defendants were dated February 19, 2009. The fraud claims based on the origination of the loan expired in December 2008 and the assignment claims expired in February 2012. Plaintiffs did not file their complaint until March 2012. Thus, the fraud claims are dismissed as inadequately pled and barred by the statute of limitations.[1]

Furthermore, the alleged statutory claims are dismissed because they do not provide for a private right of action. Additionally, Plaintiffs claim that Defendants violated the Nevada Deceptive Trade Practices Act by fraudulently preparing or notarizing false documents to supplement the chain of assignments regarding the Note and Deed of Trust. However, these alleged actions do not state a claim under the Nevada Deceptive Trade Practices Act, because the assignments do not relate to a consumer transaction. The transaction occurred when Plaintiffs originally executed the Note and Deed of Trust. The subsequent assignments while expressly allowed by the Note and Deed of Trust, are not a continuing part of the past transaction. Also, the alleged false statements were made to BONY, not by BONY. See Patterson v. Grimm, 2010 WL 4395419, *4 (D. Nev. Nov. 1, 2010)(even if Nev. Rev. Stat. § 598.015 applied to real estate transactions it only applies against those making the allegedly false statements). Amendment would be futile because the claims are barred by the

---

[1] Plaintiffs' claim for intentional infliction of emotional distress is based on the alleged fraudulent conduct which the Court has dismissed. Therefore, this claim is also dismissed since Plaintiffs cannot show causation. Furthermore, even if they could, the claim is barred by the statute of limitations.

1    statute of limitations.  See  Nev. Rev. Stat. § 11.190(3)(a)(three year limitation period applies).

2    Accordingly, the Court must dismiss these claims.

3         Finally the Court must dismiss Plaintiffs' RICO claims.  To state a claim under Nevada's

4    RICO statute, the plaintiff must allege: (1) his injury flows from the defendant's violation of a

5    predicate Nevada RICO act, found at NRS 207.360; (2) the injury was proximately caused by the

6    defendant's violation of the predicate act; and (3) the plaintiff did not participate in the commission

7    of the predicate act. Allum v. Valley Bank of Nev., 109 Nev. 280, 849 P.2d 297, 299 (Nev. 1993).

8    Racketeering is defined as "engaging in at least two crimes related to racketeering that have the same

9    or similar pattern, intents, results, accomplices, victims or methods of commission, or are otherwise

10   interrelated by distinguishing characteristics and are not isolated instances...." Nev. Rev. Stat. §

11   207.390.  The complaint does not specifically allege that each of the Defendants were engaged in two

12   crimes separate and apart from the assigned loan, or that the servicing and commencement of

13   foreclosure on the defaulted loan was anything but isolated or particular to the interest in that loan.

14   See id.  Since the moving Defendants only have a subsequent interest in the loan, a conspiracy claim

15   under Nevada law fails, because Plaintiffs do not allege a second crime purportedly committed by the

16   moving Defendants "that occurred within 5 years after a prior commission of a crime related to

17   racketeering" as required by section 207.390.  Therefore, the Court dismisses the RICO claims.

18   IV.  Conclusion

19        Accordingly, IT IS HEREBY ORDERED that Defendant JPMorgan Chase Bank, N.A.'s

20   Motion to Quash Service of Process and to Dismiss (#7) is **GRANTED**;

21        IT IS FURTHER ORDERED that  Defendant Commonwealth Land Title Insurance

22   Company's Motion to Dismiss (#8) is **GRANTED**;

23        IT IS FURTHER ORDERED that Defendants Ocwen Loans Servicing, LLC's and the Bank

24   of New York Mellon's Motion to Dismiss Plaintiffs' Complaint (#11) and Motion to Strike Punitive

25   Damages (#15) is **GRANTED**;

26

7

1    IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to Amend Complaint is

2 **DENIED**;

3    IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants

4 Commonwealth Land Title Insurance Company,  Ocwen Loans Servicing, LLC, and The Bank of

5 New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, N.A., as

6 trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through

7 Certificates Series 2006-B and against Plaintiffs;

8    IT IS FURTHER ORDERED that the complaint against the remaining Defendants is

9 **DISMISSED without prejudice** in compliance with Rule 4 for Plaintiffs' failure to serve timely and

10 adequately the summons and complaint;

11    IT IS FURTHER ORDERED that the Clerk of the Court close this case.

12    DATED this 20th day of September 2012.

13

14

15    _____

16    Kent J. Dawson
      United States District Judge

17

18

19

20

21

22

23

24

25

26

8